**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

UPSHER-SMITH LABORATORIES, LLC,

Plaintiff,

v.

ZYDUS PHARMACEUTICALS (USA) INC. and ZYDUS LIFESCIENCES LIMITED,

Defendants.

Civil Action No. 21-1132-GBW

**MEMORANDUM ORDER**

Having reviewed the proposed joint pretrial order (D.I. 271) submitted by Plaintiff Upsher-Smith Laboratories ("USL") and Defendants Zydus Pharmaceuticals (USA) Inc. and Zydus Lifesciences Limited (collectively, "Zydus") regarding the bench trial scheduled to begin on July 23, 2024, **IT IS HEREBY ORDERED** that:

1. With respect to USL's motion *in limine*, USL requests that the Court preclude Zydus' expert, Cleve Tyler, from testifying as to certain opinions. D.I. 271, Ex. 6 at 1-3. The motion *in limine* number 1 is **DENIED** since USL's motion *in limine* is functionally an untimely *Daubert* motion. USL cites "FRE 402, 403, 601, [and] 701" without any elucidation of how Dr. Tyler's testimony fails to meet the standards set out in those rules. *Id.* at 1. Rule 402 is inapposite except to say that "[i]rrelevant evidence is not admissible." Fed. R. Evid. 402. Dr. Tyler's evidence is directly relevant given that, under Rule 401, the testimony is relevant if it has even a minimal tendency to make the damages calculations that he performs more credible. Fed. R. Evid. 401. While Rule 403 permits the Court to exclude relevant evidence if its relevance is outweighed by

the potential for "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence," the portion of Rule 403 referring to prejudicial effect and misleading the jury "has no logical application in bench trials." *Gulf States Utils. v. Ecodyne Corp.*, 635 F.2d 517 (5th Cir. 1981); *see also Allen v. Ollie's Bargain Outlet, Inc.*, 37 F.4th 890, 909 (3d Cir. 2022) (Porter, J., concurring) (describing that portion of Rule 403 as "irrelevant in a bench trial"); *Wright v. Elton Corp.*, No. CV 17-286-JFB, 2022 WL 1091280, at *1 (D. Del. Apr. 12, 2022) ("[I]n bench trials[,] evidence should be admitted and then sifted when the district court makes its findings of fact and conclusions of law."). Indeed, USL provides no basis to find that Dr. Tyler's evidence would cause delay or wasted time—this is a bench trial, and any time waste redounds to Zydus. Additionally, USL provides no basis to find Dr. Tyler is incompetent to be a witness. Rule 601 states the general principle that "[e]very person is competent to be a witness unless these rules provide otherwise. But in a civil case, state law governs the witness's competency regarding a claim or defense for which state law supplies the rule of decision." Fed. R. Evid 601. Rule 701 is directed to opinion testimony by lay witnesses, not experts. Fed. R. Evid. 701. None of these rules provides a basis for the exclusion of Dr. Tyler's testimony. Finally, insofar as USL argues that Dr. Tyler is incorrect in how he calculates damages, USL's arguments are directed to the probative sufficiency of the evidence and thus go to the weight of the evidence, not its admissibility. *Wright*, 2022 WL 1091280, at *1. The Court understands USL's contentions as to Dr. Tyler's testimony and will consider those contentions after the bench trial.[1] *See* D.I. 272.

---

[1] To be sure, the Court must ultimately "apply Rule 702 to assess an expert's qualifications, reliability, and fit before weighing the expert's opinions." *UGI Sunbury LLC v. A Permanent Easement for 1.7575 Acres*, 949 F.3d 825, 832 (3d Cir. 2020). However, as the Court did in its *Daubert* ruling (D.I. 272), the Court may "admit the expert testimony subject to a later Rule 702 determination." *Id.* at 833.

2. With respect to Zydus' motion *in limine*, Zydus moves to preclude the testimony of Brent Eilefson, USL's Vice President of Legal Affairs and Chief Compliance Officer. D.I. 271, Ex. 7. According to Zydus, USL intends to call Mr. Eilefson to testify regarding the Settlement Agreement despite USL's refusal during discovery to produce any internal correspondence involving Mr. Eilefson on grounds that such documents were privileged attorney-client communications. *Id.* Thus, Zydus contends that, by calling Mr. Eilefson to testify, USL attempts to use attorney-client privilege as "both a sword and a shield." *Id.* (citing *Pfizer v. Wanrer-Lambert Co.*, No. Civ. A. 17524, 1999 WL 33236240, at *1 (Del. Ch. Dec. 8, 1999) (finding under Delaware law that "a party cannot take a position in litigation and then erect the attorney-client privilege in order to shield itself from discovery by an adverse party who challenges that position")). Specifically, Zydus argues that USL asserted attorney-client privilege over hundreds of documents involving the Settlement Agreement at the center of this litigation to prevent Zydus from accessing the documents, and now intends to have Mr. Eilefson testify as to USL's internal discussions contained within those very documents. *Id.* USL responds that attorney-client privilege "only protects disclosure of communications; it does not protect disclosure of the underlying facts by those who communicated with the attorney" and, according to USL, Mr. Eilefson will testify only to his factual knowledge of the Settlement Agreement. *Id.* (citing *Upjohn Co. v. United States*, 449 U.S. 383, 395-95 (1981)); *see also Rhone-Poulenc Rorer Inc. v. Home Indem. Co.*, 32 F.3d 851, 863 (3d Cir. 1994) (sword-and-shield waiver only applies where "the client asserts a claim or defense and attempts to prove that claim or defense by disclosing or describing an attorney client communication").

However, USL concedes that Mr. Eilefson will testify to USL's "understandings, interpretations, and expectations regarding the Settlement Agreement." *Id.* Given Mr. Eilefson's

role as Vice President of Legal Affairs, his knowledge of USL's "understanding, interpretations, and expectations" for the Settlement Agreement would necessarily implicate the internal communications and discussions that occurred during USL's negotiation of the Settlement Agreement. Indeed, by designating Mr. Eilefson as a Rule 30(b)(6) witness on the negotiations and terms of the Settlement Agreement, USL likely assigned Mr. Eilefson to speak on USL's behalf regarding the Settlement Agreement because of Mr. Eilefson's participation in and knowledge of the company's position on the matter. While USL contends that Mr. Eilefson will not testify to the substance of any of the withheld documents, the Court agrees with Zydus that Mr. Eilefson's testimony will, at the very least, be based on and draw from his knowledge of the privileged internal communications. This raises clear concerns of prejudice, as Mr. Eilefson's testimony would come at the expense of Zydus who could not be expected to prepare a sufficient response to the testimony without the withheld documents. *Mikulan v. Allegheny Cnty.*, No. CV 15-1007, 2017 WL 2374430, at *6 (W.D. Pa. May 31, 2017) ("[I]t would be extremely unfair to allow the County to withhold this evidence from Mikulan in discovery and then allow the County to turn around and argue that it did not discriminate against Mikulan based on the withheld legal advice."); *see also ViaTech Techs., Inc. v. Microsoft Corp.*, No. CV 17-570-RGA, 2021 WL 663057, at *2 (D. Del. Feb. 19, 2021) ("The injection of new theories into the case have prejudiced Defendant, which did not have the opportunity during the previously closed fact discovery to 'take any discovery on the factual bases of these new theories' nor 'develop[ ] its own factual record, for example, marshaling evidence of ensnarement or non-equivalence related to the new DOE theories.'"). By refusing to produce documents encompassing USL's internal discussions regarding the Settlement Agreement, USL striped Zydus of any ability "to probe the surrounding circumstances and substance" of Mr. Eilefson's testimony. *Berckeley Inv. Grp., Ltd. v. Colkitt*,

455 F.3d 195, 222 (3d Cir. 2006). This, in turn, impedes Zydus' ability to cross-examine Mr. Eilefson on USL's "understandings, interpretations, and expectations" regarding the Settlement Agreement. While excluding Mr. Eilefson from providing any testimony would constitute an extreme form of relief, the prejudice to Zydus can be remedied only if USL produces the documents regarding USL's negotiations and understanding of the Settlement Agreement that were previously withheld based on privilege. *See Pennsylvania Nat'l Mut. Cas. Ins. Co. v. Zonko Builders, Inc.*, No. CV 23-744-MAK, 2024 WL 2864764, at *1 (D. Del. May 3, 2024) (adopting-in-part a special master recommendation to produce certain privileged documents and extending the scope of the production to include the testifying party's "entire claims file documents previously withheld based on privilege"). Thus, it is **HEREBY ORDERED** that Zydus' motion *in limine* is **DENIED WITHOUT PREJUDICE**. If, by July 23, 2024, USL has not produced the privileged documents concerning the Settlement Agreement previously withheld based on privilege and made Mr. Eilefson available for a deposition of at least two (2) hours, Zydus may re-raise its objection.

Date: July 18, 2024

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE